# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-68V
Filed: December 8, 2025

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DEBORAH DERRICK, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Ronald C. Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Nina Ren, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth,** Special Master:

On January 24, 2022, Deborah Derrick ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza ("flu") vaccine she received on October 7, 2019, caused her to develop polymyalgia rheumatica ("PMR"). Petition, ECF No. 1. Petitioner filed expert reports on January 24, 2024, and August 22, 2024, purporting to find a plausible link between petitioner's PMR and her flu vaccination. Pet. Exs. 9 and 22.

On January 14, 2025, the Court held a Rule 5 Conference with the parties. ECF No. 53. During this conference, it was noted that petitioner had experienced the same or similar symptoms of morning pain and stiffness for years prior to the subject vaccination as she did post-vaccination.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id*. at 1. It was also noted that the etiology of PMR remains unknown according to the literature, and that petitioner's expert had submitted expert reports in a prior matter which had been unsuccessful based on the current medical understanding of PMR. Petitioner was advised that unless the expert could provide new evidence regarding the cause of PMR, this case would also be unsuccessful. *Id*. at 1-2; *see, e.g.*, *C.P. v. Sec'y of Health & Hum. Servs.*, No. 14-917V, 2019 WL 5483621, at *16 (Fed. Cl. Spec. Mstr. Aug. 21, 2019).

Following the conference, petitioner requested several extensions of time to determine how she wanted to proceed. ECF Nos. 54-55, 57-61. On September 10, 2025, the Court refused to grant any further extensions of time. On October 10, 2025, petitioner advised the Court that she would soon file a Motion for Substitution of Counsel. ECF No.63.

Instead, on November 10, 2025, petitioner filed a voluntary Motion to Dismiss her claim. ECF No. 64. In that Motion, she advised that, though she had "secured viable alternative counsel" who would provide the evidence ordered by the Court, she nevertheless did "not wish to proceed with her case." *Id*. at 2. Petitioner also noted that she had been advised that dismissing her petition would result in judgment being entered and that she would have no further rights in the Vaccine Program regarding this specific claim. *Id*.

The Court has reviewed the totality of the record before it and the evidence submitted. The information therein does not show entitlement to an award under the Program. To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive medical or scientific evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, neither petitioner's medical records nor expert opinion supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master
